IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40516
_____


In the Matter of : LILLIE SMITH
          Debtor

--------------

BAYSHORE NATIONAL BANK OF LA PORTE


                                        Appellant

    v.

LILLIE SMITH; MICHAEL GROSS


                                        Appellees

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CV-239
_____
April 5, 2001

Before KING, Chief Judge, and REAVLEY and JONES, Circuit Judges.

PER CURIAM:[*]

---

Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lillie Smith, a Chapter 13 debtor who had made twenty-six of the scheduled fifty-six monthly payments under her confirmed plan, tendered to the trustee in a lump sum, and the trustee distributed to her creditors, an amount equal to the total of all the payments remaining under her plan. The debtor did not seek any credit against the amounts remaining by reason of the early payment. The debtor received the funds for the lump sum payment as a gift from her parents. The trustee promptly filed a Notice of Plan Completion and Order Setting Discharge, informing creditors of the trustee's conclusion that the debtor had completed payments and performance under her plan. The Notice further notified creditors that any objection to the trustee's final accounting must be filed with the bankruptcy court within twenty-five days from the date of the Notice or an order of discharge would be entered without further hearing.

Bayshore National Bank of La Porte, one of the unsecured creditors, objected, asserting that the debtor was not yet entitled to a discharge because she had failed to submit all of her disposable income to the plan or to make payments for a minimum of thirty-six months. At a hearing held on the objection, Bayshore further argued that the debtor's lump sum payment should be construed by the court to be a motion to approve a post-confirmation modification of her plan to change the duration of the plan from fifty-six months to twenty-seven months, which, Bayshore argued, should be denied.

The bankruptcy court held that under the plain language of 28 U.S.C. § 1328(a), the tender of a lump sum payment satisfying all amounts due under a confirmed Chapter 13 plan entitled the debtor to a discharge. The bankruptcy court rejected Bayshore's argument that 28 U.S.C. § 1325(b) compelled a different result, noting that § 1325(b) addressed only the conditions on which a Chapter 13 plan can be confirmed over the objection of a trustee or an unsecured creditor. The court also rejected Bayshore's attempt to convert the issue of the debtor's entitlement to a discharge into a dispute regarding a post-confirmation modification of her plan, noting that no party statutorily entitled to file a motion for plan modification had done so. The bankruptcy court concluded that the debtor was statutorily entitled to a discharge and entered an Order Affirming Completion of Debtor's Chapter 13 Plan and Directing Entry of Discharge Order.

Bayshore appealed to the district court, which affirmed the bankruptcy court's Order. Bayshore has appealed the district court's judgment to this court. We are persuaded that, under the particular circumstances of this case, the district court did not err in affirming the bankruptcy court's Order.

The judgment of the district court is AFFIRMED.